FULTON TRUST COMPANY, as Executor, etc., of HALSTEAD HOLLOWAY FROST, Deceased, Plaintiff, *v.* DANIEL KRAFT and Others, Defendants.

Supreme Court, Nassau County, March 27, 1935.

*Lewis M. Johnson,* for the plaintiff.

*Satterlee & Canfield,* for the defendants Kraft.

CUFF, J. A referee was appointed to hear and determine the fair and reasonable market value of the mortgaged premises as of the date of the (foreclosure) sale or such nearest earlier date as there shall have been any market.

Plaintiff's expert fixed the value at $12,000. He admitted, however, that there had been no sales " in that vicinity " for several years. Defendant's expert corroborated plaintiff's as to the absence of sales. He could fix no value as of the date of the foreclosure on the ground that sufficient facts were lacking. The opinion rendered by plaintiff's expert was arbitrary. Section 1083-a provides that the court shall determine " the fair and reasonable market value of the mortgaged premises as of the date *such premises were bid in at*

*auction* or *such nearest earlier date as there shall have been any market value thereof.*" On the evidence, fixing the value as of the time of the foreclosure sale is impossible. We must look for " such nearest earlier date as there shall have been any market value thereof." There was such a date. It was, all witnesses agree, when the mortgaged parcel and an adjacent and smaller parcel were sold. The mortgaged premises brought $18,000 in January, 1930, and at a resale four months later $23,000. In 1925 the corner adjacent to the mortgaged parcel on which was a $2,000 house sold for $18,000. Defendants' expert fixes the value of the mortgaged premises as of 1930 and places it at $21,000. That time seems to be the " nearest earlier date " when there was a market. The opinion seems to have some basis of reason. It would be manifestly unfair to permit arbitrary determinations of values in these proceedings. That would not accord with the spirit of the wholesome legislation enacted to meet the emergency occasioned by the collapse of the real estate market. Ordinarily the reason for the default on which a foreclosure rests is the absence of a market for the property. It is only logical that if an owner could have sold he would have. If there were buyers for the property a loan would have been possible. But there was no market. Appraising the property on the standard of no sales would result in a low valuation indeed and subject the owner to a heavy deficiency judgment. It was that unjust imposition that this remedial legislation was intended to cure. Finding no market at the time of the foreclosure sale to guide the court the statute commands that the court turn back to the time when there was a market. The statute and justice require that the value in the last market be the determining factor and not a guess based upon no sales. The report is modified to the extent of fixing the value of the mortgaged premises as of January, 1930, which I find to be $18,000. As so modified the report is confirmed.